Bigger, J.
This is also a proceeding in error to reverse a judgment of the probate court in an action in that court to contest the validity of an election held under the Brannock Law. The decision which it is claimed was erroneous was the judgment of that court in sustaining a demurrer of the defendant in error to the petition of the plaintiff in error in that court. The petition alleges in substance the following:
That on the third day of October, 1904, a petition for an election was filed with one of the judges of this court praying *359 that an election be held in the district described therein. That a protest was filed against the petition, and that on or about October 17th it was found that forty per cent, of the qualified electors of the district described were not signers at the time when it was filed. That on the 14th of October, a petition was filed with another judge of this court, which contained forty per cent, of the qualified electors of the district at the time it was filed, which district covered a part of the same territory outlined in the petition filed on October 3d. That on the 17th day of October, the attorney for the petitioners filing the petition on October 3d asked for leave to file an additional petition with the names of fifty-three additional electors, which petition outlined the same boundary as that outlined in the petition of October 3d, and that over the protest of the petitioners of October 14th, this was allowed and the names of the additional signers were counted along with the names already on the petition, and finding that as thus supplemented, more than forty per cent, of the voters of the district were signers, an' election was ordered in the' district outlined in the petition of October 3d; that before sufficient names were added to this petition to make it contain the requisite forty per cent, of voters, the petition of October 14th, containing the requisite forty per cent, of electors of the other district containing the common territory, had been filed.
The plaintiff, upon this state of facts, prayed that the election ordered on the first petition, and held, be set aside, and that such further proceedings be had as are authorized by law. The court upon demurrer held this petition to be insufficient to entitle the petitioner to any relief.
The first section of the Brannock Law provides that when two or more petitions are filed and pending, each containing common territory, the election shall be ordered in the residence district described in the petition first filed. Will a petition which contained when filed less than forty per cent, of the qualified electors of the district, have precedence over a petition containing common territory, afterwards filed, which contained the requisite forty per cent., in case a sufficient number *360 of names be added to the insufficient petition to make it sufficient, after the filing of the second petition, which contained a sufficient number of names. In other words, can a petition legally insufficient have precedence over a legal petition containing over-lapping territory, properly filed before the insufficient petition is made sufficient?
In my opinion the proper construction of this law gives the precedence to that petition which is first filed, containing the legal number of qualified electors. A petition which does not contain such number of qualified electors is in law no petition at all, and I can not conceive how the signers of such a petition can acquire any rights thereunder which would give them precedence over á legally sufficient petition. Manifestly it seems to me when the law provides that when two or more petitions are filed and pending containing common territory, that precedence shall be given to that first filed, it means a legal petition, a petition containing the requisite number of voters.
Any other construction would lead, it seems to me, to absurd consequences and endless confusion. I think the Legislature never contemplated the filing of a petition which did not comply with the requirement as to the number of qualified electors. It is probably permissible to add additional names to a petition which it is found does not contain the requisite number, but I think this can not be done so as to defeat the rights of other petitioners which have intervened before the requisite number is secured. As counsel for plaintiff in error says, if this construction be correct, then all that would be necessary would be for a paper to be filed containing two or three names and thus hold the territory until enough could be secured to make it a legal petition. Such a proceeding, it seems to me, would be farcical. If this construction be placed upon the law, then all that would be necessary when either side to these contests learned that the other was circulating a petition, would be to prepare a petition covering the territory, add a few names to it and file it and then obtain the additional names at leisure. I think this construction is not reasonable, and against the legislative intention. For that reason, I conclude that the court below erred in sustaining the demurrer to *361 this petition, and the decision of the court below must be reversed, and the ease remanded with instructions to overrule the demurrer.
W. B. Wheeler, for plaintiff in error.
Gumble & Gumble, for defendant in error.
In passing upon the question presented in these three cases, I am called upon to review the action of all three of my associates on the bench in ordering elections under this law. I was at first glance inclined to think that I ought to sustain their rulings without further investigation of the questions, under our rule that one judge will not undertake to review the orders and judgments of another judge of the same court, but the orders made by judges under this law are not the judgments or orders of the court, and I think the rule has no application to a case of this kind, and that it is my duty when called upon to act judicially in these eases thus brought up here for review, to decide them in accordance with what I conceive to he the law upon the subject and without reference to the orders for the holding of elections which are only ministerial and not the judgments of the court.